UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ASSADI,
INTERFYSIO LLC,
MAJID MESCHI NEZAMI,
ZAHRA OROOJI,
MEHRDAD AAILPOURHERISI,
ARMAN ZANGANEH,
BABAK VATANKHAH,
ASGHAR EBRAHIMI FARBOD,
MOHAMMAD REZA SHARIF,
MARIA CARMELA PAREDES,
NOR-AINA BUAH,
DON JOAQUIN,
KRISTA MAE CORINGCOTING,
 and REGINALD RINGOR;

        Plaintiffs,

        v.

ANTHONY J. BLINKEN, Secretary, United
States Department of State;
MERRICK B. GARLAND, United States
Attorney General;
DAMIAN WILLIAMS, U.S. Attorney, Southern
District of New York;
ALEJANDRO N. MAYORKAS, Secretary,
United States Department of Homeland
Security; and
UR MENDOZA JADDOU, Director, United
States Citizenship and Immigration Services;

        Defendants.

Civ. No. _____

**PETITION FOR WRIT OF
MANDAMUS AND
COMPLAINT FOR
INJUNCTIVE RELIEF**

Plaintiffs, John Assadi, and fifteen other individuals and one limited liability company

("Plaintiffs"), bring this Petition for Writ of Mandamus against Anthony J. Blinken and four

other defendants ("Defendants") for relief in the form of a writ of mandamus and injunctive

relief, and alleges as follows:

{01462166.DOCX.1}

## I.    Introduction

1.    This is an action pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 551-59, 701-06, 1305, 3105, 3344, 5372 and 7521 ("APA"), and the Mandamus Act, 28 U.S.C. § 1361.

2.    Plaintiffs Mr. John Assadi and Interfysio LLC ("Interfysio") bring this action to compel Defendants to take action on immigrant visa applications properly filed by Mr. Assadi and foreign national Plaintiffs Dr. Majid Meschi Nezami, Ms. Zahra Orooji, Mr. Mehrdad Aalipourherisi (also spelled in some documents as "Aalipour Herisi"), Mr. Arman Zanganeh, Mr. Babak Vatankhah, Mr. Asghar Ebrahimi Farbod, and Dr. Mohammad Reza Sharif, as well as the immigrant visa applications properly filed by Plaintiff Interfysio LLC and foreign nationals Ms. Maria Carmela Paredes, Ms. Nor-aina Buah, Mr. Don Joaquin, Ms. Krista Mae Coringcoting, and Mr. Reginald Ringor.

3.    The Plaintiffs, excluding, Mr. Reginald Ringor have been waiting between 250 days and 590 days for their immigrant visa application interviews to be scheduled by The National Visa Center ("NVC"), which is  a visa processing center operated by the U.S. Department of State's Bureau of Consular Affairs, and the U.S. Embassies in Ankara, Türkiye, Abu Dhabi, United Arab Emirates, and  Kuwait City, Kuwait.  Plaintiff Ringor specifically has been waiting more than two years for Defendants to complete the administrative processing of his immigrant visa application at the U.S. Embassy in Abu Dhabi.

4.    The Plaintiffs have complied with all statutory and regulatory requirements for their cases to proceed to these interviews and are experiencing an unreasonable delay.  The Plaintiffs bring this action to obtain an order compelling the Defendants to merely schedule

immigrant visa interviews on their behalf or complete administrative processing of their applications.   In addition, Plaintiffs seek attorneys' fees and costs.

5.       Upon information and belief, many additional plaintiffs are affected by the same policies and practices that give rise to their claims.  If, whether through discovery, or through investigation, Plaintiffs develop evidence that other Plaintiffs' rights are being violated in the same manner as their rights, Plaintiffs intend to move to certify a class action under Rule 23 of the Federal Rules of Civil Procedure.

## II.    JURISDICTION AND VENUE

6.       This Court has original jurisdiction pursuant to 28 U.S.C. § 1361.  The mandamus statute vests original jurisdiction in the federal courts. It provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus." 28 U.S.C. § 1361.

7.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  The statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This action arises under the Immigration and Nationality Act which is a law of the United States.

8.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where Plaintiff Assadi's office and residence are located, and where Plaintiff Interfysio LLC's offices are located.  No real property is involved in this action.

## III.    PARTIES

9.       Plaintiff John Assadi is a U.S. citizen and an immigration attorney with a practice specializing in, inter alia, employment-based immigrant visas for individuals of extraordinary ability in their respective fields.  Mr. Assadi resides in New York, New York, and is the

Petitioner for the employment-based ("I-140") immigrant visa petitions of Plaintiffs Mr. Zanganeh and Mr. Ebrahimi Farbod, as well as the attorney of record for the I-140 immigrant visa petitions of Plaintiffs Dr. Meschi Nezami, Ms. Orooji, Dr. Herisi, Mr. Vatankhah, Mr. Farbod, and Dr. Sharif.

10.    Plaintiff Interfysio is a U.S. limited liability company formed in the State of New Jersey, physically based in New York, New York, and authorized to conduct business in the State of New York.  Interfysio is a healthcare staffing company and is the Petitioner for the I-140 immigrant visa petitions of Plaintiffs Ms. Maria Carmela Paredes, Ms. Nor-aina Buah, Mr. Don Joaquin, Ms. Krista Mae Coringcoting and Mr. Reginald Ringor.

11.    Dr. Meschi Nezami is a national of Iran and a distinguished professional in the field of civil-water engineering. Dr. Meschi Nezami is the beneficiary of an I-140 immigrant visa petition approved by Defendant United States Citizenship and Immigration Services ("USCIS") on June 2, 2023.  On October 23, 2023 the National Visa Center ("NVC") of Defendant United States Department of State ("State Department") issued a letter confirming that all required documents for Dr. Meschi Nezami's immigrant visa application were received.

12.    Ms. Orooji is a national of Iran and a highly qualified professional in the field of risk management and insurance. Ms. Orooji is the beneficiary of an I-140 immigrant visa petition approved by USCIS on June 9, 2023.  On December 27, 2023 the NVC issued a letter confirming that all required documents for Ms. Orooji's immigrant visa application were received.

13.    Dr. Aalipour is a national of Turkey and Iran, an award-winning entrepreneur with over 20 years of experience in his field and the recipient of a Ph.D. degree from the University of Tehran.  Dr. Aalipour is the beneficiary of an I-140 immigrant visa petition approved by USCIS on January 18, 2023.  On May 15, 2023 the NVC issued a letter confirming

that Dr. Aalipour's case was documentarily complete and that he is in the queue for an immigrant visa appointment at the U.S. Embassy in Abu Dhabi, United Arab Emirates.

14.    Mr. Zanganeh is a national of Iran and an award-winning, internationally recognized athlete in the sport of basketball in his native country.  Mr. Zanganeh is the beneficiary of an I-140 immigrant visa petition approved by USCIS on August 28, 2023.  On January 17, 2024 the NVC issued a letter confirming that all required documents for Mr. Zanganeh's immigrant visa application were received.

15.    Mr. Vatankhah is a national of Iran and a distinguished professional in the automotive industry with over two decades of progressive experience.  Mr. Vatankhah is the beneficiary of an I-140 immigrant visa petition approved by USCIS on March 8, 2023.  On May 15, 2023 the NVC issued a letter confirming that all required documents for Mr. Vatankhah's immigrant visa application were received.

16.    Mr. Ebrahimi Farbod is a national of Iran and an award-winning, internationally recognized weightlifting coach who is considered among the elite members of his field.  Mr. Ebrahimi Farbod is the beneficiary of an I-140 immigrant visa petition approved by USCIS on March 11, 2020.  On November 3, 2023 the NVC issued a letter confirming that all required documents for Mr. Ebrahimi Farbod's immigrant visa application were received.

17.    Dr. Sharifis a national of Iran and a distinguished medical expert in sports medicine and anti-doping.  Dr. Sharif is the beneficiary of an I-140 immigrant visa petition approved by USCIS on January 16, 2023.  On September 1, 2023, the NVC issued a letter confirming that all required documents for Dr. Sharif's immigrant visa application were received.

18.     Ms. Paredes is a national of the Philippines and a physical therapist.  Ms. Paredes is the beneficiary of an I-140 immigrant visa petition approved by USCIS on October 18, 2022.  On March 20, 2023, the NVC issued a letter confirming that all required documents for Ms. Paredes' immigrant visa application were received.

19.     Ms. Buah is a national of the Philippines and a physical therapist.  Ms. Buah is the beneficiary of an I-140 immigrant visa petition approved by USCIS on October 14, 2022.  On September 25, 2023, the NVC issued a letter confirming that all required documents for Ms. Buah's immigrant visa application were received.

20.     Mr. Joaquin is a national of the Philippines and a physical therapist assistant.  Mr. Joaquin is the beneficiary of an I-140 immigrant visa petition approved by USCIS on August 16, 2023.  On December 25, 2023, the NVC issued a letter confirming that all required documents for Mr. Joaquin's immigrant visa application were received.

21.     Ms. Coringcoting is a national of the Philippines and a nurse.  Ms. Coringcoting is the beneficiary of an I-140 immigrant visa petition approved by USCIS on April 8, 2023.  On September 25, 2023, the NVC issued a letter confirming that all required documents for Ms. Coringcoting's immigrant visa application were received.

22.     Mr. Ringor is a national of the Philippines and a physical therapist assistant.  Mr. Ringor is the beneficiary of an I-140 immigrant visa petition approved by USCIS on September 21, 2022.  On October 24, 2022, Mr. Ringor attended his immigrant visa application interview at the U.S. Embassy in Abu Dhabi, Dubai and was informed that his application could not be finally adjudicated until further administrative processing was completed on his case.

23.     Defendant Secretary Anthony J. Blinken is the Secretary of the United States Department of State.  The Secretary of State, together with the Secretary of Homeland Security

and United States Citizenship and Immigration Services are responsible for the adjudication of eligibility and issuance of immigrant visas issued to foreign nationals who intend to live permanently in the United States.

24.    Defendant Merrick B. Garland is the Attorney General of the United States.

25.    Defendant Damian Williams is the U.S. Attorney for the Southern District of New York.

26.    Defendant Secretary Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security.

27.    Defendant Director Ur M. Jaddou is the Director of United States Citizenship and Immigration Services.

## IV.    <u>STATEMENT OF FACTS</u>

### A.  IMMIGRANT VISA PROCESSING ADJUDICATION

28.    An immigrant visa is issued to a foreign national who intends to live and work permanently in the United States. In the majority of cases where the immigrant visa is based on future or anticipated employment in the United States, the first step is to petition USCIS to approve the eligibility of the individual applicant for an employment-based immigrant visa, pursuant to 8 U.S.C. § 1153.

29.    Following approval by USCIS of a petition for eligibility for receipt of an immigrant visa ("Form I-140 petition"), an applicant must submit a Form DS-260 immigrant visa application, accompanied by filing fees and all required supporting documents, to the NVC. Once the NVC has processed that application, the applicant must undergo an interview at a predetermined U.S. Embassy or Consulate.

30.     Following the interview and final processing of the application, the U.S. Embassy or Consulate determines whether to grant the immigrant visa to the applicant.  If the visa is granted, the applicant may travel to the United States to live and work there permanently.

## B.  PLAINTIFFS' IMMIGRANT VISA APPLICATIONS

### a)  Plaintiff Assadi

31.     Mr. Assadi is a U.S. citizen and an immigration attorney with practice specializing in, *inter alia*, employment-based immigrant visas for individuals of extraordinary ability in their respective fields.

32.     Mr. Assadi is the Petitioner for the I-140 immigrant visa petitions of Plaintiffs Mr. Zanganeh and Mr. Ebrahimi Farbod, as well as the attorney of record for the I-140 immigrant visa petitions of Plaintiffs Dr. Meschi Nezami, Ms. Orooji, Dr. Aalipour Herisi, Mr. Babak Vatankhah, Mr. Ebrahimi Farbod, and Dr. Reza Sharif.

### b)  Plaintiff Interfysio LLC

33.     Plaintiff Interfysio is a New York City-based healthcare staffing company organized in the State of New Jersey with authorization to conduct business in the State of New York, and is the Petitioner for the I-140 immigrant visa petitions of Ms. Paredes, Ms. Buah, Mr. Joaquin, Ms. Coringcoting and Mr. Ringor.  Interfysio specializes in staffing qualified healthcare workers within professions and industries in which there are a shortage of qualified workers in the United States.

### c)  Plaintiff Meschi Nezami

34.     Dr. Meschi Nezami is a distinguished professional in the field of civil-water engineering. He earned his Ph.D. in Civil-Water Engineering from the Graduate University of

Advanced Technology in Kerman, Iran, in 2019. Additionally, he holds a Master's degree in Civil-Water Engineering from Tarbiat Modares University, Iran, obtained in 2009. His academic credentials have been evaluated and deemed equivalent to advanced degrees in CivilWater Engineering from accredited U.S. universities. Dr. Meschi Nezami has over a decade of extensive experience in the civil-water engineering sector.

35.     Dr. Meschi Nezami submitted a Form I-140 petition pursuant to 8 U.S.C. § 1153(b)(2) on the basis of his advanced degree and professional achievements, requesting and a National Interest Waiver waiving the requirements of a job offer in the United States ("NIW"). His petition was approved by USCIS on June 2, 2023. The case subsequently was received at the National Visa Center under the case number ANK2023716008.

36.     Following the approval of the I-140 petition, Dr. Nezami completed all the necessary forms and provided the required civil documents to the NVC. On October 23, 2023, his attorneys received a confirmation letter from the NVC acknowledging the receipt of all required documents. Dr. Meschi Nezami's case **has been awaiting an interview for over 381 days** at the U.S. Embassy in Ankara, Türkiye.

37.     Dr. Meschi Nezami has received multiple notices confirming that his case is still pending an interview, including notices dated May 28, 2024, and July 28, 2024, and yet no interview has been scheduled.

### d)  Plaintiff Orooji

38.     Ms. Orooji is a national of Iran.  She is a highly qualified professional in the field of risk management and insurance.  She completed a five-year course of studies in Statistics at Elmo Farhang University in Iran in 2006. In 2013, she earned a master's degree in Insurance Computation Science and Planning from Allameh Tabatabaei University in Iran. Her academic

credentials have been evaluated and deemed equivalent to a Master's degree in Risk

Management and Insurance from an accredited U.S. university. Ms. Orooji has over 15 years of

progressive experience as a project manager for the Ports and Maritime Organizations.

39. Ms. Orooji submitted a Form I-140 petition pursuant to 8 U.S.C. § 1153(b)(2) on

the basis of her advanced degree and professional achievements, requesting an NIW.

40. Ms. Orooji's petition was approved by USCIS on June 9, 2023. The case

subsequently was received at the National Visa Center under the case number ANK2023740010.

41. On December 27, 2023, Ms. Orooji received a confirmation letter from the NVC

acknowledging the receipt of all required documents. Ms. Orooji's case **has been awaiting an**

**interview for over 305 days at the U.S. Embassy in Ankara, Türkiye.**

42. Ms. Orooji has received several notices confirming that her case is awaiting an

interview, including notices dated February 18, 2024, April 18, 2024, and June 17, 2024, but no

interview has been scheduled yet.

### e) Plaintiff Alipour Herisi

43. Dr. Aalipour is a national of Türkiye and Iran, an entrepreneur and business

executive with over 20 years of experience who filled a vitally important leadership role for Aali

Tahrir Parsian (ATP) Company and Panter Groups. He holds a Ph.D. degree in the field of

entrepreneurship from the University of Tehran. He is an award-winning entrepreneur with

proven track record of excellence in his professional field who has both the academic

background as well as the executive and practical expertise.

44. Dr. Aalipour submitted a Form I-140 petition pursuant to 8 U.S.C. § 1153(b)(2)

on the basis of his advanced degree and professional achievements, requesting an NIW. His

petition was approved by USCIS on January 18, 2023. The case subsequently was received at the National Visa Center under the case number ABD2023552018.

45.      Following the approval of the I-140 petition, Dr. Aalipour completed all the necessary forms and provided the required civil documents to the NVC.  On May 15, 2023, his attorneys received the confirmation that all the documents are complete, and that the applicant is in the queue for visa appointment. His Priority Date is well past current, **and this case has been pending interview date at U.S. Embassy in Abu Dhabi, United Arab Emirates for over 530 days.** Various NVC notices confirmed that this case is awaiting interview including notices received on April 24, 2024, and June 16, 2024 and yet no interview has been scheduled.

### f)  Plaintiff Zanganeh

46.      Mr. Arman Zanganeh is a national of Iran.  Mr. Zanganeh is an award-winning, internationally recognized athlete in the field of basketball from Iran. He has been a key player for major teams, including the Iran National Basketball Team. He has also participated in prestigious international tournaments and is widely regarded as one of the top athletes in his sport. He currently plays for Zob Ahan Isfahan BC in the Iranian Super League as well as for the Iranian national basketball team, as a power forward. As a prominent basketball player he made his debut on the Iranian national basketball team in the 2014 FIBA Asia Cup, and participated in the 2014 World Cup in Spain and 2019 World Cup in China with the Iranian national basketball team.

47.      Mr. Zanganeh submitted a Form I-140 petition pursuant to 8 U.S.C. § 1153(b)(1)(A) on the basis of extraordinary ability in the field of athletics.  His petition was approved by USCIS on August 28, 2023. The case subsequently was received at the National Visa Center under the case number ABD2023755020.

48.     Following the approval of the I-140 petition, Mr. Zanganeh completed all the necessary forms and provided the required civil documents to the NVC.  On January 17, 2024, he received a confirmation letter from the NVC acknowledging the receipt of all required documents. **His case has been awaiting an interview for over 295 days at the U.S. Embassy in Abu Dhabi, United Arab Emirates**. He has received multiple notices confirming that his case is awaiting an interview, including notice dated May 8, 2024, and yet no interview has been scheduled.

### g)  Plaintiff Vatankhah

49.     Mr. Babak Vatankhah is a national of Iran.  Mr. Vatankhah is a distinguished professional in the automotive industry with over two decades of progressive experience. He earned a Bachelor's Degree in Engineering from the University of Tehran in 1996 and a Master's Degree from Shiraz University in 1999. His foreign academic credentials have been evaluated and deemed equivalent to a Bachelor of Science in Metallurgical Engineering and a Master of Science in Metallurgical Engineering from an accredited U.S. university.  Mr. Vatankhah's extensive experience includes leadership roles within international automotive distributors and manufacturers in Iran.

50.     Mr. Vatankhah submitted a Form I-140 petition pursuant to 8 U.S.C. § 1153(b)(2) on the basis of his advanced degree and professional achievements, requesting an NIW.  His petition was approved by the USCIS on March 8, 2023. The case subsequently was received at the National Visa Center under the case number ANK2023587007.

51.     Following the approval of the I-140 petition, Mr. Vatankhah completed all the necessary forms and provided the required civil documents to the NVC.  On May 15, 2023, he received a confirmation letter from the NVC acknowledging the receipt of all required

documents. Mr. Vatankhah's case has been **awaiting an interview for over 540 days at the U.S. Embassy in Ankara**. His Priority Date is well past current, he has received several notices confirming that his case is awaiting an interview, including notices dated November 1, 2023 and December 31, 2023, but no interview has been scheduled.

### h)  Plaintiff Ebrahimi Farbod

52.      Mr. Ebrahimi Farbod is a national of Iran.  Mr. Ebrahimi Farbod is an internationally acclaimed athlete and coach in the field of weightlifting, with an impressive track record of achievements on the global stage. He has won multiple medals in the Asian Weightlifting Championships, including two Gold Medals in the Men's 94 kg event (2005, 2008), a Silver Medal in the Men's 105 kg event (2009), and a Bronze Medal in the Men's 94 kg event (2003). Additionally, Mr. Ebrahimi Farbod finished in 4th place at the 2008 Olympic Games in Beijing in the Men's 94 kg weightlifting event.

53.      Mr. Assadi submitted a Form I-140 petition pursuant to 8 U.S.C. § 1153(b)(1)(A) on behalf of beneficiary Mr. Ebrahimi Farbod on the basis of extraordinary ability in the field of athletics.

54.      Mr. Ebrahimi Farbod's petition was approved by USCIS on March 11, 2020. The case subsequently was received at the National Visa Center under the case number ANK2020611004.

55.      Following the approval of the I-140 petition, Mr. Ebrahimi Farbod completed all the necessary forms and provided the required civil documents to the NVC.

56.      On October 27, 2023, Ebrahimi Farbod received a confirmation letter from the NVC acknowledging the receipt of all required documents.

57.     Mr. Ebrahimi Farbod's case has been **awaiting an interview for over 360 days at the U.S. Embassy in Ankara.** He has received several notices confirming that his case is awaiting an interview, including notices dated February 24, 2024, April 24, 2024 and June 23, 2024, yet no interview has been scheduled.

### i)  Plaintiff Sharif

58.     Dr. Mohammad Reza Sharif is a national of Iran.  Dr. Sharif is a distinguished medical expert in sports medicine and the field of anti-doping.  With over 20 years of experience, Dr. Sharif has played pivotal roles in national and international organizations, including the World Anti-Doping Agency (WADA), the International Weightlifting Federation, and the Iranian National Olympic Committee. His exceptional expertise in anti-doping has contributed significantly to the sports industry, ensuring fair competition and safeguarding athletes' health.

59.     Dr. Sharif submitted a Form I-140 petition pursuant to 8 U.S.C. § 1153(b)(2) on the basis of his advanced degree and professional achievements, requesting an NIW.

60.     His petition was approved by USCIS on March 1, 2023. The case subsequently was received at the National Visa Center under the case number ANK2023582009.

61.     Following the approval of the I-140 petition, Dr. Sharif completed all the necessary forms and provided the required civil documents to the NVC.

62.     On September 1, 2023, Dr. Sharif received a confirmation letter from the NVC acknowledging the receipt of all required documents. Dr. Sharif's case has been **awaiting an interview for over 425 days at the U.S. Embassy in Ankara since that date.**

63.     Dr. Sharif has received multiple notices confirming that his case is awaiting an interview, including notices dated April 24, 2024 and June 16, 2024, yet no interview has been scheduled.

**j)  Plaintiff Paredes**

64.     Ms. Paredes is a national of the Philippines and a physical therapist.  Ms. Paredes is awaiting admission to the U.S. to begin working for Interfysio, who is ready to place her with a healthcare provider, within an industry which is experiencing staffing shortages nationwide including New York.

65.     Interfysio submitted a Form I-140 petition on behalf of Ms. Paredes pursuant to 8 U.S.C. § 1153(b)(2) on the basis of her advanced degree and professional achievements, requesting an NIW.

66.     Ms. Paredes' I-140 petition was approved by USCIS on October 18, 2022. The case subsequently was received at the National Visa Center under the case number ABD2022861037.

67.     On March 20, 2023, the NVC issued a letter confirming that all required documents for Ms. Paredes' immigrant visa application were received.

68.     Ms. Paredes' case has been **awaiting an interview for over 590 days at the U.S. Embassy in Abu Dhabi since that date**.  To date, no interview has been scheduled.

**k)  Plaintiff Buah**

69.     Ms. Nor-aina Buah is a national of the Philippines and a physical therapist.  Ms. Buah is awaiting admission to the U.S. to begin working for Interfysio, who is ready to place her with a healthcare provider, within an industry which is experiencing staffing shortages nationwide including New York.

70.     Interfysio submitted a Form I-140 petition on behalf of Ms. Buah pursuant to 8 U.S.C. § 1153(b)(2) on the basis of her advanced degree and professional achievements, requesting an NIW.

71.     Ms. Buah's I-140 petition was approved by USCIS on October 14, 2022. The case subsequently was received at the National Visa Center under the case number ABD2022850026.

72.     On September 25, 2023, the NVC issued a letter confirming that all required documents for Ms. Buah's immigrant visa application were received.

73.     Ms. Buah's case has been **awaiting an interview for over 400 days at the U.S. Embassy in Abu Dhabi since that date**.  To date, no interview has been scheduled.

### l)  Plaintiff Joaquin

74.     Mr. Don Joaquin is a national of the Philippines and a physical therapist assistant. Mr. Joaquin is awaiting admission to the U.S. to begin working for Interfysio, who is ready to place him with a healthcare provider, within an industry which is experiencing staffing shortages nationwide including New York.

75.     Interfysio submitted a Form I-140 petition on behalf of Mr. Joaquin pursuant to 8 U.S.C. § 1153(b)(3) as a skilled worker performing skilled labor requiring at least 2 years training or experience.  His I-140 petition was approved by USCIS on August 16, 2023. The case subsequently was received at the National Visa Center under the case number ABD2023758049.

76.     On December 25, 2023, the NVC issued a letter confirming that all required documents for Mr. Joaquin's immigrant visa application were received.

77.     Mr. Joaquin's case has been **awaiting an interview for over 300 days at the U.S. Embassy in Abu Dhabi since that date**.  To date, no interview has been scheduled.

### m) Plaintiff Coringcoting

78.     Ms. Krista Mae Coringcoting is a national of the Phillipines and a nurse.  Ms. Coringcoting is awaiting admission to the U.S. to begin working for Interfysio, who is ready to

place her with a healthcare provider, within an industry which is experiencing staffing shortages nationwide including New York.

79.    Interfysio submitted a Form I-140 petition on behalf of Ms. Coringcoting pursuant to 8 U.S.C. § 1153(b)(3) as a skilled worker performing skilled labor requiring at least 2 years training or experience.

80.    Ms. Coringcoting's I-140 petition was approved by USCIS on April 8, 2023. The case subsequently was received at the National Visa Center under the case number KWT20236280024.

81.    On September 25, 2023, the NVC issued a letter confirming that all required documents for Ms. Coringcoting's immigrant visa application were received.

82.    Ms. Coringcoting's case has been **awaiting an interview for over 400 days at the U.S. Embassy in Kuwait since that date**.  No interview has been scheduled.

**n)  Plaintiff Ringor**

83.    Mr. Reginald Ringor is a national of the Philippines and a physical therapist assistant.  Ms. Ringor is awaiting admission to the U.S. to begin working for Interfysio, who is ready to place him with a healthcare provider, within an industry which is experiencing staffing shortages nationwide including New York.

84.    Interfysio submitted a Form I-140 petition on behalf of Mr. Ringor pursuant to 8 U.S.C. § 1153(b)(3) as a skilled worker performing skilled labor requiring at least 2 years training or experience.

85.    Mr.Ringor's I-140 petition was approved by USCIS on September 22, 2021. The case subsequently was received at the National Visa Center under the case number ABD2021785011.

86.     On June 14, 2022, the NVC issued a letter confirming that all required documents for Ms. Ringor's immigrant visa application were received.

87.     On October 24, 2022, Mr. Ringor was interviewed at the U.S. Embassy in Abu Dhabi.

88.     Mr. Ringor was informed that his immigrant visa was being "refused" pursuant to Immigration and Nationality Act ("INA") § 221(g), meaning that additional administrative processing of his application was required.

89.     Mr. Ringor's case has undergone administrative processing now for more than 2 years since the date of his interview.

90.     No further information or documents have been requested of him, yet no action has been taken on his case.

91.     Accordingly, in light of the facts stated above, Plaintiffs have standing to prosecute this civil action.

### C. UNREASONABLE DELAY

92.     The Plaintiffs who have been notified of the documentary completion of their immigrant visa cases by the NVC have not had their visa interviews scheduled by the U.S. Embassies in Abu Dhabi, Ankara, and Kuwait, despite the fact that it has been between 290 and 590 days since these cases are awaiting an interview.

93.     Plaintiff Ringor's case has undergone administrative processing for more than two years and there has been no change in the status of his case since the date of his immigrant visa interview at the U.S. Embassy in Abu Dhabi on October 24, 2022.

94.     Further, all of the Plaintiffs' cases request the issuance of immigrant visas which are classified by statute as the two highest priorities for adjudication and issuance (first

preference employment-based cases based on extraordinary ability in one's field or second preference employment-based cases based on an advanced degree and an NIW) or are requesting immigrant visas for employment in the United States in shortage professions in the field of healthcare, a vital industry of national importance.

95.    Therefore, these cases should have been prioritized accordingly, yet the Plaintiffs are experiencing major unnecessary delays in all of the above cases. Those delays violate the applicable federal statutes and, in each individual case and in the aggregate, constitute an abuse of the Defendants' discretion.

## V.    CAUSES OF ACTION

### COUNT I
### Unreasonable Delay in Agency Action – 5 U.S.C. 555(b)

96.    All previous paragraphs are incorporated as though fully set forth herein.

97.    Defendants have a statutory obligation to process the immigrant visa applications for Plaintiffs within a reasonable time.  5 U.S.C 555(b).

98.    The Defendants' delay ranging from an excess of six months to two years is unreasonable and therefore violates 5 U.S.C. 555(b).

### COUNT II
### Mandamus – 28 U.S.C. 1361

99.    All previous paragraphs are incorporated as though fully set forth herein.

100.    The Mandamus Act, 28 U.S.C. 1361, grants authority to courts to compel Defendants to perform a duty owed to Plaintiffs.

101.    The Defendants have a regulatory, ministerial obligation to act on visa applications.  Under 22 C.F.R. 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA [Immigration and

Nationality Act] and the implementing regulations, the consular officer shall either refuse or issue the visa."

102.    The Defendants have a duty to either refuse or issue an immigrant visa to the Plaintiffs.  Scheduling the Plaintiffs for immigrant visa appointments at the U.S. Embassies to which they have applied, or completing administrative processing post-interview is necessary for the refusal or issuance of immigrant visas.

103.    The Defendants' failure to perform this duty for more than six months to two years violates the regulation.

## VI.    CLAIM FOR RELIEF

104.    Plaintiffs' claims in this action are clear and certain.  Plaintiffs re-allege all preceding paragraphs and, as is fully set forth, Plaintiffs are entitled to an Order in the nature of Mandamus to compel the Defendants to take action in the form of scheduling immigrant visa application interviews for Plaintiffs.

105.    By refusing to take action on Plaintiffs' immigrant visa applications for a range of more than 200 days to more than 2 years, Defendants have violated the Administrative Procedure Act through agency inaction that has created an unreasonable delay.

106.    Defendants have a non-discretionary duty to adjudicate Plaintiffs' immigrant visa petition within a reasonable period of time under 5 U.S.C. § 555(b), which provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. §555(b).

107.    The Defendants have a duty to either refuse or issue an immigrant visa to the Plaintiffs.  Scheduling the Plaintiffs for immigrant visa appointments at the U.S. Embassies to

which they have applied and completing post-interview administrative processing is necessary for the denial or issuance of immigrant visas.

108.    As a result of Defendants' failure to perform their duties, Plaintiffs have suffered, are suffering and will continue to suffer irreparable harm.  Specifically: the inability of the noncitizen Plaintiffs to enter the United States as Aliens of Extraordinary Ability, or as aliens with advanced degrees who have had USCIS grant a waiver of the requirement of a job offer because they have deemed it in the interest of the United States is damaging their ability to continue their careers in this country as award-winning elite members of their fields; the damage to Plaintiff Mr. Assadi's interests as a Petitioner and representative who stands to benefit from any employment agreements or contracts that he may negotiate on the noncitizen Plaintiffs' behalf; and the damage to Plaintiff Interfysio by depriving them of employees in the U.S. already deemed qualified by USCIS to provide healthcare services in a vital, shortage-affected industry.

109.    Pursuant to the Code of Federal Regulations, a consular officer of the U.S. Department of State hase a non-discretionary duty to take action on a visa application.  "When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer **must issue the visa, refuse the visa** under INA 212(a) or 221(g) or other applicable law **or**, pursuant to an outstanding order under INA 243(d), **discontinue granting the visa**."  22 C.F.R. 42.81(a).  (Emphasis added).

110.    The duty of the Defendants in this action is non-discretionary, ministerial, and so plainly described as to be free from doubt that Mandamus is appropriate.

111.    The Defendants, in violation of the Administrative Procedure Act, have been unlawfully withholding or unreasonably delaying action on the Plaintiffs' applications, and have failed to carry out the non-discretionary adjudication function delegated to them.

112.    Plaintiffs have no other adequate remedy available to them.  Accordingly, the Plaintiffs have been forced to pursue the instant action.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A.    Order Defendants to comply with 22 C.F.R. § 42.81(a) and either schedule immigrant visa interview appointments or complete administrative processing for the Plaintiffs as applicable.

B.    Award attorney's fees and costs to Plaintiffs pursuant to 28 U.S.C. § 2412; and

C.    Order such other and further relief as this Court deems just and proper.

Respectfully submitted,

Ellenoff Grossman & Schole, LLP

*Paul P. Rooney*

By:_____
        Paul Rooney, Esq.
        1345 Avenue of the Americas, 11th Floor
        New York, NY 10105
        Phone: (212) 370-1300
        Fax: (212) 370-7889
        Email: prooney@egsllp.com

        *Attorneys for Plaintiffs*

Dated: November 11, 2024
       New York, New York